Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 190917-31243
DATE: August 31, 2021

REMANDED

Entitlement to a readjudication of the claim for entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), is remanded.

REASONS FOR REMAND

The Veteran served in the United States Air Force from September 1992 to April 1996.

This claim a June 2019 supplemental rating decision in which the regional office (RO) found that the Veteran had not provided new and relevant evidence to reopen his claim of service connection for an acquired psychiatric disorder, to include PTSD. 

In September 2019, the Veteran filed VA Form 10182, Decision Review Request: Board Appeal (AMA Notice of Disagreement) and selected the Direct Review Docket. 

In an April 2020 Board of Veterans' Appeals (Board) decision, it the Board denied the claim finding that the Veteran had not provided the RO with new and relevant evidence to reopen his claim of service connection for an acquired psychiatric disorder, to include PTSD. 

The Veteran appealed the Board's April 2020 decision to the United States Court of Appeals for Veterans Claims (Court). In an April 2021 order, which incorporated the parties' joint motion for remand (JMR), the Court vacated and remanded the Board decision. 

Entitlement to a readjudication of the claim for entitlement to service connection for an acquired psychiatric disorder, to include PTSD, is remanded.

The April 2021 JMR vacated and remanded the Board decision because the Board erred by failing to ensure that the duty to assist was satisfied prior to the relevant rating decision on appeal. See 38 C.F.R. § 20.802(a) (the reasons for remand by the Board in the modernized review system are limited to correction of (1) duty to assist errors occurring prior to the date of the agency of original jurisdiction (AOJ) decision on appeal (i.e., pre-decisional duty to assist errors); and (2) AOJ errors in satisfying a regulatory or statutory duty, if correction of such error would have a reasonable possibility of aiding in substantiating the appellant's claim).

Specifically, the JMR found that the regional office's (RO's) failure to provide the Veteran with an authorization so that it could attempt to obtain and associate with the claim's file the private treatment records (i.e., Comprehensive Mental Health Services) that she at her April 2018 VA examination before adjudicating the claim was a pre-decisional duty to assist error.

Therefore, the Board finds that a Remand is required to provide the Veteran with an authorization and for the regional office (RO) to thereafter attempt to obtain and associate with the record the Veteran's treatment records from Comprehensive Mental Health Services is required. See 38 C.F.R. § 20.802(a); Ivey v. Derwinski, 2 Vet. App. 320, 323 (1992) (holding that when reference is made to pertinent medical records, VA is on notice of their existence and has a duty to assist the Veteran to attempt to obtain them); Also see Forcier v. Nicholson,19 Vet. App. 414, 425 (2006) (holding that the duty to ensure compliance with the Court's order extends to the terms of the agreement struck by the parties that forms the basis of the joint motion to remand); cf. McBurney v. Shinseki, 23 Vet. App. 136, 140 (2009) (Board has a duty on remand to ensure compliance with the favorable terms stated in the joint motion for remand or explain why the terms will not be fulfilled).

The appeal is REMANDED for the following action:

In order to comply with the JMR, after obtaining an authorization from the Veteran to associate with the claims file all of her treatment records from Comprehensive Mental Health Services.

Efforts to obtain the Veteran's authorization as well as her records from Comprehensive Mental Health Services should be ended only after multiple attempts. 

If the authorization cannot be obtained or the records cannot be located and/or no such records exist, a Memorandum of Unavailability documenting all of VA's actions to obtain the authorization and treatment records should be prepared and associated with the claims file and the Veteran provided with a copy of the Memorandum of Unavailability.

 

 

NEIL T. WERNER

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Costello, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.